| | |
|---|---|
| 1 | **BRYAN CAVE LLP** |
| | Jed White (California Bar No. 232339) |
| 2 | 120 Broadway, Suite 300 |
| | Santa Monica, California 90401-2386 |
| 3 | Telephone:(310) 576-2100 |
| | Facsimile:(310) 576-2200 |
| 4 | Email:jed.white@bryancave.com |
| 5 | Keith Aurzada (*Pro Hac Vice*) |
| | Thomas Adair (*Pro Hac Vice*) |
| 6 | 2200 Ross Avenue, Suite 3300 |
| | Dallas, Texas 75201 |
| 7 | Telephone: (214) 721-8000 |
| | Facsimile: (214) 721-8100 |
| 8 | Email: keith.aurzada@bryancave.com |
| | Email: thomas.adair@bryancave.com |

Attorneys for Defendants MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC, a Texas limited liability company; and ENNIS LODGING, LLC, a Texas limited liability company.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANMOHAN CHHABRA; PARSHOTAM KAMBOJ; RANJIT SINGH; DARSHAN SINGH; SHERBIR SANT; SURINDER-PAL ARORA; SURINDER-PAL ARORA; SANTOKH ARORA; and PACIFIC HOSPITALITY, LLC. a Texas limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; JAGMOHAN DHILLON; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC, a Texas limited liability company; and ENNIS LODGING, LLC, a Texas limited liability company. <br><br> Defendants. | Case No. CV11-03724-RGK (VBKx) <br><br> **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date: July 25, 2011** <br> **Time: 9:00 a.m.** <br> **Ctrm: 850** <br> **Judge: Hon. R. Gary Klausner** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2011. or as soon thereafter as the matter may be heard, in Courtroom 850 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants Ennis Lodging, LLC, Mehul (a.k.a. Mike), Chirag (a.k.a. Chuck) Patel, Sagestar Management GP, LLC, Sagestar Holdings, Ltd., Denison Lodging, LLC, and Corsicana Lodging, LLC (hereafter "moving Defendants") will and hereby does move this Court, pursuant to 28 U.S.C. § 1404, for an Order transferring this matter to the United States District Court for the Northern District of Texas.

Moving Defendants seek transfer of this matter to the Northern District of Texas for the convenience of the parties and witnesses and in the interest of justice. This suit could have been and should have been brought in the courts of Dallas County, Texas or the United States District Court for the Northern District of Texas. The sales contracts at issue include choice of law and forum selection provisions dictating that disputes arising out of the transactions be governed by Texas law and decided in Dallas County, Texas. Furthermore, the Defendants and the properties at issue are all located in or nearby the Northern District of Texas. The negotiations leading to the deals at issue largely took place in that district and the closings all occurred there. Further, most of the witnesses and records relevant to this suit are located in the Northern District of Texas. The only connection the Central District of California has to this case is that Plaintiffs, who deliberately sought out investment opportunities in Texas, are located in or near this district. The fact the Plaintiffs chose to file suit close to their homes should not and cannot outweigh all of the other factors weighing in favor of transfer to the Northern District of Texas.

This Motion is based on this Notice of Motion and Motion, including the attached Memorandum of Points and Authorities, the Declaration of Mehul Patel filed concurrently herewith, the attached exhibits, the papers and records in this action, and any evidence and argument presented at the hearing on this Motion.

This Motion is made following conferences with counsel of record pursuant to Local Rule 7-3. Those conferences concluded on May 19, 2011 when Plaintiffs counsel definitely informed counsel for the moving Defendants that Plaintiffs are opposed to this motion.

Dated: June 10, 2011.  Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Jed White
     Jed White

Attorney for Defendants Mehul Patel aka Mike Patel, Chirag Patel aka Chuck Patel, Sagestar Management GP, LLC., Sagestar Holdings, Ltd., Denison Lodging, LLC., and Corsicana Lodging, LLC, and Ennis Lodging, LLC.

**Table of Contents**

Page

I. INTRODUCTION ........................................................................................... 1

II. TRANSFER OF THIS MATTER WOULD FURTHER THE CONVENIENCE OF THE PARTIES AND WITNESSES AND WOULD SERVE THE INTERESTS OF JUSTICE. ......................................... 2

    A. Venue is Proper in the Northern District of Texas; This Suit Could Have Been Brought There. ................................................... 3

    B. Transferring This Matter to the Northern District of Texas Would Further the Convenience of the Parties and Witnesses, and Serve the Interest of Justice. ........................................................ 4

    C. The Private Factors Weigh in Favor of Transfer. ................................ 5

        (1) The location where the relevant agreements were negotiated and executed. ........................................................ 5

        (2) The state that is most familiar with the governing law. ............. 6

        (3) The plaintiff's choice of forum. ................................................. 7

        (4) The respective parties' contacts with the forum. ...................... 8

        (5) The contacts relating to the plaintiff's cause of action in the chosen forum. ...................................................................... 9

        (6) The differences in the costs of litigation in the two forums. ..... 10

        (7) The availability of compulsory process to compel attendance of unwilling non-party witnesses. ........................ 10

        (8) The ease of access to sources of proof. .................................... 11

    D. The Public Factors Weigh in Favor of Transfer. ................................ 11

        (1) The administrative difficulties flowing from court congestion. ................................................................................ 11

        (2) The local interest in having localized controversies decided at home. ..................................................................... 12

        (3) The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action. ........................................................................................ 12

        (4) The avoidance of unnecessary problems in conflict of laws, or in the application of foreign law. ..................................... 13

        (5) The unfairness of burdening citizens in an unrelated forum with jury duty. .......................................................................... 13

III. CONCLUSION ............................................................................................. 14

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# Table of Authorities

**Page(s)**

**Cases**

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*,
  297 S.W.3d 768 (Tex. 2009)..................................................................................13

*Bradford v. Vento*,
  48 S.W.3d 749 (Tex. 2001)....................................................................................13

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986)...............................................................................4, 5

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*,
  820 F.Supp. 503 (C.D.Cal. 1992) ............................................................................3

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ...............................................................................8

*In re Volkswagen of America, Inc.*,
  545 F.3d 304 (5th Cir. 2008)...................................................................................8

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000)..........................................................................4, 5, 6

*K&G Oil Tool & Serv. v. G&G Fishing Tool Serv.*,
  314 S.W.2d 782 (Tex. 1958)..................................................................................13

*Norwood v. Kirkpatrick*,
  349 U.S. 29 (1955)...................................................................................................4

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981).................................................................................................5

*Priddy v. Rawson*,
  282 S.W.3d 588 (Tex. App. – Houston [14th Dist.] 2009, pet. denied)................13

*Stewart Organization, Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)...................................................................................................7

**Statutes**

28 U.S.C. § 1391......................................................................................................3
28 U.S.C. § 1404...........................................................................................1, 2, 13
28 U.S.C. § 1404(a) ........................................................................................3, 4, 7
Tex. Admin. Code § 113........................................................................................12
Tex. Bus. & Com. Code §§ 17.41-17.63 ...............................................................12

# MOTION TO TRANSFER VENUE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Defendants Ennis Lodging, LLC, Mehul (a.k.a. Mike) Patel, Chirag (a.k.a. Chuck) Patel, Sagestar Management GP, LLC, Sagestar Holdings, Ltd., Denison Lodging, LLC, and Corsicana Lodging, LLC (hereafter "moving Defendants") move this Court pursuant to 28 U.S.C. § 1404 for an Order transferring this matter to the United States District Court for the Northern District of Texas. Transferring venue would further the convenience of the parties and witnesses and would be in the interest of justice. All of the Defendants and the properties at issue in this suit are located in or near the Northern District of Texas. Many of the witnesses and records are located there. Furthermore, the sales contracts governing Plaintiffs' purchases provide that disputes arising thereunder are governed by Texas law and shall be resolved in Dallas County, Texas.

## I. INTRODUCTION

This action arises out of Plaintiffs' purchases of interests in certain hotel properties in North Texas. Plaintiffs made their investments at the peak of the market just prior to the recent recession. Due to the recession, Plaintiffs' investments did not perform as they expected. Instead of pursuing efforts to preserve those investments and ride out the economic downturn, Plaintiffs chose to bring this lawsuit.

Plaintiffs and Defendant Jagmohan Dhillon ("Dhillon") were investors in companies that purchased the hotels at issue in this dispute. The transactions at issue were brokered by Dhillon and Plaintiff Surinder-pal Arora. All Defendants except Dhillon (the "Patel Defendants") built and/or sold the properties. The transactions at issue all occurred in Texas and involved real properties in Texas. In fact, none of the Patel Defendants travelled to California or otherwise established

contacts with California in relation to the transactions at issue here.[1] The Patel Defendants reside in North Texas and are in the business of building and operating hotels in the area. They had multiple offers from prospective buyers for the properties at issue in this suit. Plaintiffs were introduced to the Patel Defendants through Defendant Dhillon who helped broker the transactions and also invested in each of the properties. Yet, the Patel Defendants did not meet the Plaintiffs or know their identities until they travelled to Texas for the closings.[2]

The State of Texas has a much greater connection to and interest in this suit than the State of California. For the reasons stated in greater detail below, pursuant to 28 U.S.C. § 1404, this action should be transferred to the United States District Court for the Northern District of Texas for the convenience of parties and witnesses and in the interest of justice.

## II. TRANSFER OF THIS MATTER WOULD FURTHER THE CONVENIENCE OF THE PARTIES AND WITNESSES AND WOULD SERVE THE INTERESTS OF JUSTICE.

This Court should transfer this matter to the Northern District of Texas because the 12 out of the 13 factors to be considered in determining whether to transfer this motion favor such a transfer. The only consideration that favors maintaining this suit in this Court is the Plaintiffs' choice of venue. The Defendants, the properties at issue, and much of the evidence, including witnesses and documents, are in and near the Northern District of Texas. The transactions at

---

[1] Mehul Patel and Chirag Patel travelled to California on one or two occasions following the transactions in an effort to resolve disputes before litigation began.

[2] Plaintiffs' Complaint identifies six transactions and associated properties in Texas at issue in this suit. Based on the information available to the Patel Defendants, however, they do not believe any Plaintiff to this action has an interest in any company that purchased properties in Sweetwater and Ennis, Texas. The Patel Defendants further believe the only Plaintiff with an interest in companies that purchased the two Corsicana, Texas properties is Surinder-pal Arora. The Patel Defendants believe the remaining Plaintiffs only have an interest in the companies that purchased hotels in Mount Pleasant and Denison, Texas.

issue in this suit took place there. And further, forum selection clauses in the contracts for sale provide that Dallas County, Texas is the appropriate venue for resolution of this dispute.

The statutory provision governing this motion provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "To support a motion for transfer the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal. 1992).

### A. Venue is Proper in the Northern District of Texas; This Suit Could Have Been Brought There.

The sale contracts for the hotels at issue in this lawsuit include forum selection clauses that provide that "venue for any action [under the contract] shall be in Dallas County, Texas." *See* M. Patel Declaration, ¶ 11. Furthermore, Plaintiffs sought out and made their investments in the State of Texas, particularly in properties in the Northern District of Texas. To this end, they traveled to that district for the sale closings for the transactions at issue here. Accordingly, they are subject to personal jurisdiction in that district. Similarly, because the Defendants and properties are located in that district and the transactions substantially occurred there, venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391.

### B. Transferring This Matter to the Northern District of Texas Would Further the Convenience of the Parties and Witnesses, and Serve the Interest of Justice.

"Under § 1404(a), the district court has discretion to adjudicate motions for

transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 – 499 (9th Cir. 2000).[3] As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The private factors a court should consider are:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.

*Jones*, 211 F.3d at 498 – 499.

The public factors to be considered include:

> [T]he administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in

---

[3] As the U.S. Supreme Court noted, "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience [than for forum non conveniens]. . . . the [court's] discretion to be exercised is broader." *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Decker Coal Co.*, 805 F.2d at 843 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

These factors weigh heavily in favor of transferring this matter to the Northern District of Texas. All but one of the private factors and all of the public factors weigh in favor of transfer. To this end, venue is proper and more appropriate in the Northern District of Texas because all the Defendants are located there, the transactions at issue occurred there, and the properties at issue are located there. Additionally, most if not all of the records and witnesses, except the Plaintiffs themselves, are located in Texas. Furthermore, the sales contracts at issue are governed by Texas law and contain forum selection clauses designating Texas as the forum for resolution of disputes. Plaintiffs' payments for the hotel purchases were made to banks in Texas and substantially all consequences arising out of the transactions were felt in Texas.

**C. The Private Factors Weigh in Favor of Transfer.**

**(1) The location where the relevant agreements were negotiated and executed.**

This factor weighs in favor of transferring venue. Each of the agreements at issue in this suit were executed in North Texas. *See* M. Patel Declaration, ¶ 3. To this end, Plaintiffs formed Texas limited liability companies that took ownership of the subject properties upon completion of each sale. *See* M. Patel Declaration, ¶ 3. Plaintiffs as members of those companies travelled to Texas to consummate those sales. *See* M. Patel Declaration, ¶ 3. For example, Plaintiffs Manmohana Chhabra, Parshotam Kmboj, Ranjit Singh, Darshan Singh, Sherbir Sant, and Surinder-pal Arora, traveled to Irving, Texas during October 2007 for the closing of sale for a Holiday Inn Express in Mount Pleasant, Texas. *See* M. Patel Declaration, ¶ 10. They were or are members in Mount Pleasant Properties, LLC, along with

Defendant Dhillon, which purchased the Mount Pleasant hotel. At no time, did any of the Patel Defendants, who were selling the properties at issue, travel to California to negotiate these transactions. *See* M. Patel Declaration, ¶ 2. Along these lines, prior to the closings, none of the Patel Defendants even knew the identity of or spoke with the individuals involved in the companies that purchased the hotels. *See* M. Patel Declaration, ¶ 3.

### (2) The state that is most familiar with the governing law.

Because the sales contracts for the properties at issue in this lawsuit include a choice of law and forum selection clause that provides that venue lies in Dallas County, Texas and the law of the State of Texas shall apply, this factor heavily favors transfer.

As the Ninth Circuit has held, "the presence of a forum selection clause is a '**significant factor**' in the courts' § 1404(a) analysis." *Jones v. GNC Franchising, Inc.*, 211 F.3d at 499 (emphasis added). Similarly, members of the United States Supreme Court have observed that "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. . . . [federal courts should exercise their authority] as Congress has directed by § 1404(a), . . . so that a valid forum-selection clause is given controlling weight in all but the most exceptional cases." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy concurring).

The sales contracts for the properties at issue in this lawsuit all include a forum selection and choice of law clause providing that this dispute is to be resolved in Texas pursuant to Texas law. To this end, paragraph 10.5 of the contracts for sale at issue in this matter provides, "[t]his Contract shall be governed by and construed in accordance with the law of the State of Texas. This Contract is performable and venue for any action hereunder shall be in Dallas County, Texas." *See* M. Patel Declaration, ¶ 11 and Exhibit A thereto. By filing this suit in California and not Texas, Plaintiffs have disregarded the contract provisions that govern this dispute.

The choice of law and forum selection clauses are significant. The governing law is that of the State of Texas, so courts in Texas are more familiar with the law governing this case. Even more so, consistent with Ninth Circuit and United States Supreme Court precedent, the forum selection clause must be given significant weight in the transfer analysis. Accordingly, this factor weighs heavily in favor of transfer to the Northern District of Texas.

### (3) The plaintiff's choice of forum.

Admittedly, this private factor in the transfer analysis, favors maintaining this suit in California. This one consideration, however, cannot and does not outweigh the other factors, particularly the forum selection clauses providing that venue "shall" lie in Dallas County, Texas. It is clear that the Northern District of Texas has a much greater connection to and interest in this suit.

If Plaintiffs' choice of forum were allowed to outweigh the other considerations, transfers pursuant to Section 1404(a) would not be possible. Such deference to this one factor would effectively eliminate the statute. For this reason, courts have increasingly held that a party's choice of forum should not be given considerable weight, particularly when considering transfer motions as opposed to forum *non conveniens* motions. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) *citing In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("First, the district court gave too much weight to [Plaintiff's] choice of venue . . . while that choice is accorded deference, . . . plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue.").

### (4) The respective parties' contacts with the forum.

This factor weighs heavily in favor of transfer. While the Plaintiffs reside in California, they intentionally sought out investments in Texas and travelled there to close those deals. All of the Defendants reside in Texas. The properties at issue are in Texas. And further, the Patel Defendants have no general or specific contacts

with the State of California.

The Patel Defendants are in the business of buying, building, and selling hospitality properties in Texas, Arkansas, and Oklahoma. *See* M. Patel Declaration, ¶ 2. They do not do or solicit business in California. *See id.* at ¶¶ 2, 7, 8, 9, 12, 13. None of the Patel Defendants' members or employees live or have lived in California. *See id.* at ¶ 2. Furthermore, none of the Patel Defendants traveled to California in connection with the transactions at issue here. *See id.* at ¶ 2. Prior to the closings, they did not know the identities of the individuals with interests in the purchasing companies. *See id.* at ¶ 3. The purchasers came to the Patel Defendants interested in purchasing hotels; the Patel Defendants did not reach out to the parties that ultimately purchased the properties at issue. *See id.*

It was the Plaintiffs who sought out the investment opportunities in Texas. Their money goes further in Texas compared to California due to lower costs. They hired Texas counsel, James Patterson, Esq., to represent them in the transactions. *See id.* at ¶ 4. They formed Texas limited liability companies that would hold ownership of the properties. *See id.* at ¶ 3. Finally, the Plaintiffs travelled to Irving, Texas for the sale closings. *See id.* at ¶¶ 3, 10.

Defendant Dhillon was a purchaser of properties with Plaintiffs. He learned of the opportunity to purchase the properties and informed Plaintiffs. In particular, he worked with Surinder-pal Arora, who was his accountant and had told him he knew of persons interested in such opportunities. Like the Patel Defendants, Dhillon is a resident of Texas. *See id.* at ¶ 14. He was, however, no agent of the Patel Defendants. *See id.* at ¶ 3. The Patel Defendants sold the properties at issue; Dhillon purchased them. As is customary, however, Dhillon received payment for closing costs and brokerage services related to the sales. *See id.* at ¶ 3. For example, he helped obtain financing, undertook the requisite inspections, and provided similar services enabling the deals to close.

### (5) The contacts relating to the plaintiff's cause of action in the chosen forum.

Like most of the other factors and for the same reasons discussed just above, this factor weighs heavily in favor of transfer. Plaintiffs sought out investments in Texas, they purchased interests in Texas properties, and travelled there to close the deals.

In contrast, however, the contacts with California relating to Plaintiffs' claims are insignificant. The Patel Defendants had no contacts with California that relate to the transactions at issue here or to their business generally. *See id.* at ¶ 2. They did not communicate with Plaintiffs or even know their identities until Plaintiffs traveled to Irving, Texas for the closings. *See id.* at ¶ 2. While the Plaintiffs might reside in California, their claims arise out of transactions that were completed in Texas for properties located there.

### (6) The differences in the costs of litigation in the two forums.

Because most of the sources of proof are located in the Northern District of Texas as discussed below, this factor favors transfer.

With much of the evidence relevant to this dispute and all of the Defendants located in the Northern District of Texas, costs associated with this lawsuit should be lower by transferring the case to that district. Additionally, costs associated with a longer time to trial do not appear to be a factor here. The latest statistics from the Administrative Office of the United States Courts indicate that the time to trial in this district and the Northern District of Texas are nearly identical with a median time to trial of 19.1 months and 19.5 months, respectively. *See* Exhibit 1 – Table C-5 to the Annual Report of the Director – Judicial Business of the United States Courts.

### (7) The availability of compulsory process to compel attendance of unwilling non-party witnesses.

This factor weighs in favor of transfer. The Plaintiffs and Defendant Dhillon

hired a lawyer who is located in Dallas, Texas to represent them in the transactions. Defendants' attorney in those transactions is also located in Dallas. To the extent these individuals can provide non-privileged testimony relevant to resolution of this dispute, the Northern District of Texas may compel their attendance, but this Court cannot. While the moving Defedants understand two potential non-party witnesses who purchased interests similar to Plaintiffs reside in California, all of the non-party individuals involved in the construction of the hotels, including some with interests in companies that sold those properties, are located in and near the Northern District of Texas.[4] *See* M. Patel Declaration, ¶ 2. Further, banks, title companies, and other entities whose employees might be able provide documents and testimony relevant to these transactions are located in the Northern District of Texas.

### (8)    The ease of access to sources of proof.

The properties at issue in this lawsuit are located in and near the Northern District of Texas. The transactions at issue were completed in that district. Plaintiffs formed Texas limited liability companies to take ownership of the properties. The title company used by the parties is located in Dallas, Texas. The bank to which Plaintiffs wired their moneys is also located there. The lawyers who represented the parties in the transactions are also located in Dallas. And finally, all of the Defendants reside in the Northern District of Texas. As such, all of their records and documents relevant to this dispute are located there. *See id.* at ¶ 2.

To the extent there are sources of proof in or near the Central District of California, such evidence belongs to or is under the control of Plaintiffs who sought out investment opportunities in Texas and agreed to forum selection clauses providing disputes be resolved in Dallas County, Texas. On balance, this factor

---

[4]    Moving Defendants are aware of two other such non-party witnesses that purchased interests like those of Plaintiffs, but these two reside in the Northeast, in or near Connecticut. Travel to California would be less convenient for those individuals compared to Texas.

favors transfer.

### D. The Public Factors Weigh in Favor of Transfer.

#### (1) The administrative difficulties flowing from court congestion.

This factor is neutral or favors transfer. As mentioned above, the median time to trial in each district is almost identical. Recent statistics, however, indicate that a higher percentage of cases have been pending more than three years in this district, i.e. 7.9 percent, compared to the Northern District of Texas, where it is 2.4 percent. *See* Exhibit 2 – Table C-6 to the Annual Report of the Director – Judicial Business of the United States Courts.

These statistics suggest less court congestion in the Northern District of Texas, which would favor transfer.

#### (2) The local interest in having localized controversies decided at home.

California has little interest in having this matter resolved the Central District of California. Those interests are limited to the fact that Plaintiffs reside there. In contrast, the local interests in North Texas are much greater. Most significantly, the local interests there are much greater because the properties at issue are there and as a result most of the effects related to this dispute are felt there. To this end, the state of Texas and its communities have an interest in tax revenues due from those properties and the Texas limited liability companies formed by Plaintiffs and Dhillon that owned the properties. All of the Defendants reside in or near the Northern District of Texas. Furthermore, the Patel Defendants are area businessmen engaged in the construction, operation, purchase and sale of hotels in the area. It was the Plaintiffs as well as Defendant Dhillon who sought out the purchases they made in the North Texas area. Accordingly, this factor also weighs in favor of transfer.

### (3) The interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action.

As discussed above, the sale contracts governing Plaintiffs' purchases at issue here provide that Texas law applies to this dispute and that venue for any dispute lies in Dallas County, Texas. *See* M. Patel Declaration, ¶ 11. The application of Texas law to this matter is further confirmed by the fact the transactions occurred in Texas and involved real properties in Texas.

Furthermore, the relief Plaintiffs seek here is available in Texas. To this end, the causes of action asserted by Plaintiffs in this matter are available under Texas law.[5] *See, e.g., Priddy v. Rawson,* 282 S.W.3d 588, 599 (Tex. App. – Houston [14th Dist.] 2009, pet. denied) (Breach of fiduciary duty); *Aquaplex, Inc. v. Rancho La Valencia, Inc.,* 297 S.W.3d 768, 774 (Tex. 2009) (Fraud); *Bradford v. Vento,* 48 S.W.3d 749, 754-55 (Tex. 2001) (Fraud by Nondisclosure); Tex. Admin. Code § 113 *et seq.* (Registration of Securities); Tex. Bus. & Com. Code §§ 17.41-17.63 (Deceptive Trade Practices Act); *K&G Oil Tool & Serv. v. G&G Fishing Tool Serv.,* 314 S.W.2d 782, 787-88 (Tex. 1958) (Unfair Competition / Misappropriation of Trade Secrets). Further, because Plaintiffs' RICO claims are based on a federal statute, those may also be pursued in Texas.

Plaintiffs claims are governed by Texas law and the relief they seek is available there. This factor favors transfer to that venue.

### (4) The avoidance of unnecessary problems in conflict of laws, or in the application of foreign law.

For the reasons discussed above, this matter is governed by Texas law. As a result, this factor favors transfer to the Northern District of Texas.

---

[5] By stating that Plaintiffs have asserted such claims, Defendants do not waive any objection or defense to those claims. For example, Plaintiffs have failed to sufficiently state claims upon which relief may be granted. Further, Plaintiffs have failed to plead the existence of a fiduciary relationship between Plaintiffs and any Patel Defendant.

### (5) The unfairness of burdening citizens in an unrelated forum with jury duty.

As discussed above, this dispute relates to property in or near the Northern District of Texas. Defendants all reside in North Texas. Texas law governs this dispute, and most of the relevant sources of proof are located in North Texas. In particular, the Patel Defendants conduct their business in and around the Northern District of Texas. Certainly that district has a much greater in ensuring its businesses are not engaged in misconduct such as that alleged by Plaintiffs compared to California.

The only connection this suit has to the state of California is that the Plaintiffs, who made their investments in Texas, reside in California. Most of the consequences arising out of or related to this suit will be felt in Texas. Citizens of California should not be burdened with jury duty there over a dispute in which they have a minimal interest. Accordingly, this factor favors transfer.

## III. CONCLUSION

For the reasons stated above, 12 out of the 13 factors to be considered in determining whether to transfer this matter to the Northern District of Texas favor transfer. In particular, the existence of Texas forum selection clauses in the sales contracts weigh heavily in favor of transfer. The only factor in favor of maintaining this suit in California is that Plaintiffs chose to file suit here. This one factor, however, cannot and does not outweigh all of the other factors favoring transfer. Allowing that one factor to trump all others would render Section 1404 meaningless. Accordingly, the moving Defendants respectfully requests this Court transfer this matter to the Northern District of Texas pursuant to 28 U.S.C. § 1404.

Dated: June 10, 2011                         BRYAN CAVE LLP

                                             /s/ Jed P. White
                                            Jed P. White
                                            Attorneys for Defendants

| | |
|---|---|
| 1 | MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; and ENNIS LODGING, LLC |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386