1  **BRYAN CAVE LLP**
   Jed White (California Bar No. 232339)
2  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
3  Telephone:(310) 576-2100
   Facsimile:(310) 576-2200
4  Email:jed.white@bryancave.com

5  Keith Aurzada (*Pro Hac Vice*)
   Thomas Adair (*Pro Hac Vice*)
6  2200 Ross Avenue, Suite 3300
   Dallas, Texas 75201
7  Telephone: (214) 721-8000
   Facsimile: (214) 721-8100
8  Email: keith.aurzada@bryancave.com
   Email: thomas.adair@bryancave.com
9
   Attorneys for Defendants MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka
10 CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability
   company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON
11 LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC,
   a Texas limited liability company; NEWCREST HOTELS, LTD., a Texas limited
12 partnership, and ENNIS LODGING, LLC, a Texas limited liability company.

13
                    **UNITED STATES DISTRICT COURT**
14
                   **CENTRAL DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| 16 MANMOHAN CHHABRA; PARSHOTAM KAMBOJ; RANJIT SINGH; DARSHAN SINGH; SHERBIR SANT; SURINDER-PAL ARORA; SURINDER-PAL ARORA; SANTOKH ARORA; and PACIFIC HOSPITALITY, LLC. a Texas limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; JAGMOHAN DHILLON; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC, a Texas limited liability company; NEWCREST HOTELS, LTD., a Texas limited partnership, and ENNIS LODGING, LLC, a Texas limited liability company.<br><br>Defendants. | Case No. CV11-03724-RGK (VBKx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) BY DEFENDANTS MEHUL PATEL, CHIRAG PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; NEWCREST HOTELS, LTD. and ENNIS LODGING, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing Date: November 21, 2011<br>Time: 9:00 a.m.<br>Ctrm: 850<br>Judge: Hon. R. Gary Klausner<br><br>Action Filed: May 25, 2010<br>Removal Date: April 29, 2011<br>SAC Filed: September 16, 2011<br>Trial Date: May 1, 2012 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2011 at 9:00 a.m. PST, or as soon thereafter as the matter may be heard, before the Honorable R. Gary Klausner in Courtroom 850 in the Roybal Building of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, Defendants Mehul (a.k.a. Mike) Patel, Chirag (a.k.a. Chuck) Patel, Sagestar Management GP, LLC, Sagestar Holdings, Ltd., Denison Lodging, LLC, Corsicana Lodging, LLC, Newcrest Hotels, Ltd., and Ennis Lodging, LLC, (hereafter "moving Defendants") will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order dismissing Plaintiff's causes of action filed against them contained in the Second Amended Complaint filed by Plaintiffs on or around September 16, 2011.

Good cause exists to grant this motion because the Complaint fails to allege sufficient facts to state a cause of action against the moving Defendants. In particular, the Complaint fails to allege fraud with particularity.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Complaint, the papers and records in this action, and any evidence and argument presented at the hearing on this Motion.

This Motion is made following attempts to confer with counsel of record pursuant to Local Rule 7-3. A conference occurred on October 5, 2011 at which time Plaintiffs' counsel indicated Plaintiffs are opposed to the relief sought in this motion.

| | | |
|---|---|---|
| 1 | Dated: October 6, 2011. | Respectfully submitted, |
| 2 | | |
| 3 | | **BRYAN CAVE LLP** |
| 4 | | |
| 5 | | By: /s/ Thomas J. Adair |
| 6 | | |
| 7 | | Attorney for **DEFENDANTS MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; NEWCREST HOTELS, LTD.; and ENNIS LODGING, LLC**. |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... iv

I. INTRODUCTION ..........................................................................................1

II. LEGAL STANDARDS ..................................................................................2

III. ARGUMENT AND AUTHORITIES .............................................................3

    A. Plaintiffs Have Not Pled a Breach of Fiduciary Duty Against the Moving Defendants. ................................................................3

    B. Plaintiffs Have Not Adequately Pled a Fraud Claim Against the Moving Defendants. ................................................................6

    C. Plaintiffs' Fraudulent Concealment Claim Against the Moving Defendants Fails. ........................................................................9

    D. Plaintiffs' False Promise Claim Against the Moving Defendants Fails. ........................................................................................9

    E. Plaintiffs Have Not Adequately Pled a Cause of Action for RICO Violations by the Moving Defendants. ........................................11

    F. Plaintiffs Have Failed to Plead a Cause of Action for Violations of the California Business and Professions Code. ................................14

IV. CONCLUSION ............................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1599 (2008) ............... 3

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal. 4th 503, 511 (1994) .................................................................................................................... 5

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ............................................................ 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........................................ 2

*Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006) .................................................................. 4

*Cisneros v. Instant Capital Funding Grp., Inc.,* 263 F.R.D. 595, 606–07 (E.D. Cal. 2009) ..................................................................................................... 7

*City of Hope Nat. Medical Center v. Genentech, Inc.*, 43 Cal.4th 375, 386 (2008) ...................................................................................................................... 3

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal. 3d 197, 221 (1983) ...................................................................................... 4

*Conrad v. Bank of America*, 45 Cal.App.4th 133, 157-158 (1996) ................. 6, 10, 14

*Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ............................... 3, 6, 8, 12

*Doctors' Co. v. Superior Court* 49 Cal. 3d 39, 44 (1989) ........................................... 5

*Engalla v. Permanente Medical Group, Inc.,* 15 Cal. 4th 951, 974, (1997) ............... 6

*First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F.Supp.2d 929, 938 -939 (N.D. Cal. 2008) ........................................................ 10

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38 (1989) ........... 11

*Harper v. New Japan Securities Intern., Inc.* 545 F.Supp. 1002, 1008 (D.C. Cal. 1982) ............................................................................................................. 14

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ...................... 2, 6, 8

*Lazar v. Superior Court* 12 Cal.4th 631, 638, (1996) ................................................. 6

*Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1126-27 (2010) ..................... 9

*Mosier v. Southern California Physicians Insurance Exchange* 63 Cal. App. 4th 1022, 1044 (1998) ................................................................................... 3

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000) ........................................................................................................ 9, 11

*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.,* 205 Cal.App.3d

1415, 1423 (1988) ................................................................................................ 9, 11

*Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007) ............................ 11, 12

*Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1168 (2005) ................... 9

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) ...................... 8, 11

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400 (9th Cir. 1986) (citation omitted) .......................................................................... 12

*Schwartz v. Life Ins. Co. of North America*, 2006 WL 6185656, 3 (S.D. Cal. 2006) .................................................................................................................. 10

*Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir. 2007) ................................... 7

*U.S. v. Johnson*, 961 F.2d 1488, 1491 (10th Cir. 1992) ........................................... 13

*Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) ................... 2, 6

**Rules**

Fed. R. Civ. P. 81(c)(1) ............................................................................................... 5

Fed. R. Civ. P. 9(b) ....................................................................................... 2, 5, 8, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12, Defendants Mehul (a.k.a. Mike), Chirag (a.k.a. Chuck) Patel, Sagestar Management GP, LLC, Sagestar Holdings, Ltd., Denison Lodging, LLC, Corsicana Lodging, LLC, Newcrest Hotels, Ltd., and Ennis Lodging, LLC, (hereafter "moving Defendants" or the "Patel Defendants") respectfully request this Court dismiss the claims against each one of them in Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted.

### I. INTRODUCTION

On August 8, 2011, pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court dismissed Plaintiffs' causes of action for breach of fiduciary duty, fraud, fraudulent concealment, and violations of the RICO statute as pled in their Original Complaint. *See* Dkt. No. 48. As a result, only Plaintiffs' claims for sale of securities in violation of qualification requirements and unfair business practices under the California Business and Professions Code § 17200 were left. Subsequently, Plaintiffs filed their First Amended and Second Amended Complaints.[1] Plaintiffs' Second Amended Complaint ("SAC"), which is the subject of this motion, asserts five of the six claims asserted in Plaintiffs' Original Complaint. Plaintiffs, however, dropped their claim for sale of securities in violation of the qualification requirements and replaced it with a claim for false promise. Because the problems with Plaintiffs' Original Complaint remain in the Second Amended Complaint, particularly with regard to the moving Defendants, they bring this Motion to Dismiss all of Plaintiffs' claims against them for failure to state a claim upon which relief can be granted.

---

[1] Plaintiffs' counsel has represented that substantively the First and Second Amended Complaints are the same. The Second Amended Complaint was filed to correct some technical and typographical errors in the First Amended Complaint.

1

## II. LEGAL STANDARDS

The Patel Defendants bring this motion to dismiss all of Plaintiff's claims against them because the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[A] plaintiff's obligation to provide the 'grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs' pleadings must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Naked assertions devoid of further factual enhancement" are insufficient. *Id.* The claims must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Without such alleged content, dismissal of the complaint is appropriate. *See id.*

Moreover, where a complaint alleges fraud, it must "state with particularity the circumstances constituting fraud . . ." FED. R. CIV. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.'. . .'Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)). To this end, Plaintiffs must identify the role each Defendant played in the alleged fraud. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

## III. ARGUMENT AND AUTHORITIES

Plaintiffs' SAC does not sufficiently plead causes of action against any one of the moving Defendants. It is largely silent or conclusory in pleading facts necessary to satisfy the elements of Plaintiffs' claims against the moving Defendants.

Accordingly, and as set forth below, Plaintiffs have not stated a claim upon which relief can be granted against any of the moving Defendants.

A. <u>Plaintiffs Have Not Pled a Breach of Fiduciary Duty Against the Moving Defendants.</u>

Plaintiffs' first cause of action in the SAC is for Breach of Fiduciary Duty. Plaintiffs, however, have failed to plead facts sufficient to identify the source of any fiduciary duty owed to them by any one of the moving Defendants.

"The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *Mosier v. Southern California Physicians Insurance Exchange* 63 Cal. App. 4th 1022, 1044 (1998); *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1599 (2008).

"[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat. Medical Center v. Genentech, Inc.*, 43 Cal.4th 375, 386 (2008) (quoting *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal. 3d 197, 221 (1983) (superceded on other grounds by statute, as recognized in *Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228, 46 Cal.Rptr.3d 57, 138 P.3d 207 (2006)). "The relationship of seller to buyer is not one ordinarily vested with fiduciary obligation, even though sellers routinely make representations concerning their product, often on the basis of a claimed expert knowledge about its utility and value. In such transactions, the seller is held to the mores of the marketplace. A fiduciary, by contrast, assumes duties beyond those of mere fairness and honesty in marketing its product—he must undertake to act on behalf of the beneficiary, giving priority to the best interest of the beneficiary." *Committee On Children's Television, Inc.*, 35 Cal. 3d. at 222.

Plaintiffs' SAC contains no allegations of fact sufficient to establish the existence of a fiduciary duty owed to them by Mehul Patel, Chirag Patel, Newcrest Hotels, Ltd., Sagestar Management GP, LLC, Sagestar Holdings, Ltd., Ennis Lodging, LLC, Denison Lodging, LLC, Newcrest Hotels, Ltd., or Corsicana Lodging, LLC. Plaintiffs have pled no facts that indicate that any of these Defendants knowingly undertook the obligation to act for the benefit of any of the Plaintiffs. As set forth in the SAC, these Defendants simply sold hotels to companies in which Plaintiffs were investors. Being such a "seller," however, does not create a fiduciary obligation between sellers and buyers.[2] *Id.*

Because Plaintiffs do not specifically name any of the moving Defendants in their breach of fiduciary duty claim, it appears Plaintiffs' contend the alleged fiduciary duty of Defendant Jagmohan Dhillon ("Dhillon") is imputed to them based on the allegation that all the Defendants conspired together with the "goal of damaging Plaintiffs by the aforementioned breaches of fiduciary duty." SAC ¶ 113. Even if there were such a conspiracy, however, the moving Defendants cannot be liable to Plaintiffs for a breach of fiduciary duty because Plaintiffs have not pled facts to support such a duty owed by the moving Defendants. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal. 4th 503, 511 (1994). "[L]iability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Id.*; *Doctors' Co. v. Superior Court* 49 Cal. 3d 39, 44 (1989) ("A cause of action for civil conspiracy may not arise, however, if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty."). Because Plaintiffs have not pled facts, and cannot plead facts,

---

[2] The moving Defendants did not know the identity of the investors, who are Plaintiffs here, or communicate with them, until they came to Texas to close on the sale of the Mt. Pleasant property.

establishing such a duty owed to them by the moving Defendants, the moving Defendants are not capable of committing a breach of fiduciary duty.

Quite simply, Plaintiffs have not pled any facts to support the existence of a fiduciary duty owed to them by the moving Defendants or a breach of that duty. To this end, Plaintiffs' allegations of a conspiracy among the Defendants are not enough without an underlying fiduciary duty owed to the Plaintiffs by the moving Defendants. Accordingly, the moving Defendants respectfully request Plaintiffs' claims for breach of fiduciary duty against the moving Defendants be dismissed.

B.  <u>Plaintiffs Have Not Adequately Pled a Fraud Claim Against the Moving Defendants.</u>

Plaintiffs' second cause of action against all Defendants, for fraud, also does not adequately state a claim upon which relief can be granted against the moving Defendants. The allegations are not pled with particularity and fail to plead facts sufficient to establish each element of fraud against each moving Defendant.

The elements of fraud under California law are: "'(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Engalla v. Permanente Medical Group, Inc.,* 15 Cal. 4th 951, 974, (1997)(quoting *Lazar v. Superior Court* 12 Cal.4th 631, 638, (1996). Further, under federal and California law, these fraud claims must be pled with particularity. Fed. R. Civ. P. 9(b), 81(c)(1); *Conrad v. Bank of America*, 45 Cal.App.4th 133, 157-158 (1996). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003)). To this end, Plaintiffs must identify the role each Defendant played in the alleged fraud. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Plaintiffs cannot lump all Defendants together so that the allegations simply contend "everyone did everything." *Id.* ("Rule 9(b) 'does

not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant.'")(quoting *Cisneros v. Instant Capital Funding Grp., Inc.,* 263 F.R.D. 595, 606–07 (E.D. Cal. 2009) and *Swartz v. KPMG LLP,* 476 F.3d 756, 764–65 (9th Cir. 2007)).

Plaintiffs' SAC fails to identify any false representation that can be attributed to the moving Defendants that Plaintiffs relied upon to their detriment. Plaintiffs' cause of action for fraud discusses the transactions in groups. First, Plaintiffs set forth their claim as it relates to the Mt. Pleasant transaction. However, in the cause of action section of the SAC as well as the applicable paragraphs in the background section, Plaintiffs have not identified a fraudulent representation related to the Mt. Pleasant transaction that can be attributed to any one of the moving Defendants. To this end, Plaintiffs do not even name any of the moving Defendants individually in any of these paragraphs except Mehul Patel. But no fraudulent representation is attributed to him. SAC ¶ 59, 60.

With regard to the Corsicana transactions, Plaintiffs again fail to plead facts with particularity sufficient to meet all of the elements of a fraud claim against the moving Defendants. Again, of the moving Defendants, only Mehul Patel's name appears anywhere in the applicable paragraphs describing the alleged fraud related to the Corsicana transactions. Plaintiffs, however, fail to identify a fraudulent representation made by him that they justifiably relied upon to their detriment. To this end, they only say Mehul Patel "falsely promised to pay Pacific Hospitality $510,000 and pay Pacific Hospitality, LLC, Kamboj and R. Signh $245,000 in order induce Pacific Hospitality, LLC to give M. Patel that certain Assignment of Membership Interest Agreement." SAC ¶ 128. Plaintiffs, however, do not say that the money was not paid. Moreover, they do not plead that the alleged promise was made with knowledge of any falsity or that Plaintiffs justifiably relied upon the alleged representation to their detriment.

Similarly, the allegations involving the Denison transaction do not tie any of the moving Defendants to an allegedly fraudulent statement. Not one of their names appears in the description of the alleged fraud as it relates to this transaction. Furthermore, there are no allegations of facts sufficient to satisfy any of the other elements necessary to state a claim of fraud against the moving Defendants for this transaction.

To state the circumstances constituting fraud with particularity, Plaintiffs must plead the who, what, when, where, and how of the alleged misconduct. *Kearns*, 567 F.3d at 1124. To this end, Plaintiffs must identify the time, place and specific content of the false representations and the parties to such representations. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). Plaintiffs' fraud claims fail to meet these standards as to the moving Defendants. No where in the SAC are fraudulent representations attributed to any of the moving Defendants individually or collectively. Plaintiffs cannot simply use the umbrella term of "Defendants" in alleging fraud against the moving Defendants. *Destfino*, 630 F.3d at 958. Plaintiffs must identify the role each Defendant played in the alleged fraud. *Id.* Further, Plaintiffs do not plead that the moving Defendants had knowledge of any fraudulent representations or that they justifiably relied on such representations. Finally, Plaintiffs have not particularly detailed their damages or established a causal connection between such damages and the moving Defendants.[3]

Furthermore, to the extent Plaintiffs have identified any allegedly fraudulent representations, they are not actionable because they involve statements about the value of properties and expected investment returns. Such predictions as to future events, however, are deemed opinions and not actionable fraud. *Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.,* 205 Cal.App.3d 1415, 1423 (1988); *Neu-*

---

[3] Plaintiffs do not state whether they have had to pay the amounts of the guarantees that they allegedly signed related to the Mt. Pleasant property.

*Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000) ("[v]alue is quintessentially a matter of opinion, not a statement of fact.").

In sum, to the extent Plaintiffs might have pled any actionable fraud, the moving Defendants are simply not tied to those fraudulent representations in a manner that complies with Federal Rule of Civil Procedure 9(b). Accordingly, the moving Defendants respectfully request this Court dismiss Plaintiffs' fraud claim against them.

C.  <u>Plaintiffs' Fraudulent Concealment Claim Against the Moving Defendants Fails.</u>

Fraudulent concealment is not actionable absent all of the elements of fraud. *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1168 (2005). As explained above Plaintiffs' fraud claims against the moving Defendants fail. Accordingly, the claim for fraudulent concealment against them must also fail. Furthermore, Plaintiffs have not identified or explained any duty to disclose that the moving Defendants owed them. *See Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1126-27 (2010)(setting forth the elements for fraudulent concealment). Similarly, Plaintiffs have not alleged facts sufficient to plead moving Defendants' intent to defraud. Therefore, the moving Defendants request this Court dismiss Plaintiffs' fraudulent concealment claim against them.

D.  <u>Plaintiffs' False Promise Claim Against the Moving Defendants Fails.</u>

Plaintiffs' false promise claim is essentially a claim for fraud. *Schwartz v. Life Ins. Co. of North America*, 2006 WL 6185656, 3 (S.D. Cal. 2006); *see also Conrad*, 45 Cal. App. 4th at 156; *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F.Supp.2d 929, 938 -939 (N.D. Cal. 2008). Because it is essentially a claim for fraud, it must be pled with particularity. FED. R. CIV. P. 9(b). For the reasons Plaintiffs' second cause of action against the moving Defendants fails, this claim fails.

Further, Plaintiffs' false promise claim rests solely on an alleged promise to

pay cash and promissory notes in exchange for an assignment of one of the Plaintiffs' interest in another company. However, to the extent the claim alleges facts in support of the claim, they are missing essential elements for a fraud – false promise claim. To this end, the circumstances constituting the fraud are not pled with particularity. For example, all of the Defendants are impermissibly grouped together in this claim. *See* SAC ¶¶ 152-154.

Further, Plaintiffs have not adequately pled an actual false representation or promise that caused them damages. To this end, Plaintiffs' false promise claim is predicated on a proposed transaction that they admit was never consummated. SAC 101, 103. It appears the claim is based on their frustration that there were additional liens on the properties that were to be used to secure the promissory notes. *See* SAC ¶ 100-102. Plaintiffs, however, do not allege that they were told there were no other liens on the properties. Likewise, Plaintiffs do not identify the liens that allegedly wiped out the security interest, identify the beneficiaries of such liens, or the dollar amount of those liens.

Furthermore, they do not plead any intent to defraud, their reliance on the alleged promise, or identify how they were damaged by the alleged promise. In fact, the lack of a causal connection between the allegedly false promise and any damages suffered by the Plaintiffs is a glaring omission. They simply allege an assignment document was used by an unidentified to obtain an SBA loan. They do not plead that they are liable under the loan or connected to it in any way.

Finally, Plaintiffs' complaints with regard to the liens allegedly on the properties fundamentally rest upon a valuation of the properties. As discussed above, however, a representation about value, regardless of its accuracy, is not actionable. *Nibbi Brothers, Inc.*, 205 Cal. App. 3d at 1423; (1988); *Neu-Visions Sports, Inc.*, 86 Cal. App. 4th at 310 (2000).

Plaintiffs have not pled the cause of action for false promise with particularity. The claim is missing many factual allegations necessary to establish

9

such a claim against the moving Defendants. Accordingly, they respectfully request this Court dismiss this claim against them.

### E. Plaintiffs Have Not Adequately Pled a Cause of Action for RICO Violations by the Moving Defendants.

Plaintiffs' fifth cause of action against all Defendants is for violations of the RICO statute (18 U.S.C. § 1962(c)). "To state a claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010)(quoting *Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007). In order to show a pattern of racketeering activity, a plaintiff must show at least two related acts that amount to continuous acts in furtherance of the proscribed scheme. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237-38 (1989). Further, the circumstances constituting the violations of the RICO statute must be pled with particularity as required by Rule 9(b). *Odom*, 486 F.3d at 553.

For the same reasons Plaintiffs' fraud and fraudulent concealment claims fail against the moving Defendants, Plaintiffs' RICO claims also fail. While Plaintiffs have identified a number of wire transfers and a couple of interstate trips, they have not pled facts with particularity that are necessary to establish the requisite multiple and related acts in furtherance of a fraudulent scheme that harmed them.

Most of Plaintiffs' RICO claims are for wire or bank fraud in violation of Sections 1943 or 1944 of the RICO statutes. "[A] wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Odom*, 486 F.3d at 553 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400 (9th Cir. 1986) (citation omitted)). Plaintiffs' wire fraud claims, however, do not identify any specific fraud. *See* SAC ¶ 146(1), (2), and (3). Without identifying and adequately pleading the scheme to defraud, Plaintiff's list of wire transfers are meaningless.

Because no fraudulent scheme is identified and detailed, it appears Plaintiffs' RICO claims refer back to their fraud and fraudulent concealment claims. As discussed above, however, they have not adequately pled fraud against the moving Defendants. To this end, not only have Plaintiffs failed to plead a fraudulent scheme, they have failed to identify which Defendants committed what wire and bank frauds. Grouping all Defendants together by simply saying "Defendants" did something fraudulent is not adequate. *Destfino*, 630 F.3d at 958.

Plaintiffs' claim for a violation of Section 1952 of the RICO statutes due to interstate travel in furtherance of a fraudulent scheme similarly fails. Under Section 1952, Plaintiffs must show that the Defendants traveled or used facilities in interstate commerce with the intent to establish, carry on, or facilitate the prohibited activity, and attempted or did engage in such proscribed activities. *See, e.g., U.S. v. Johnson*, 961 F.2d 1488, 1491 (10th Cir. 1992). Plaintiffs have failed to identify the requisite proscribed activity furthered by the alleged travel.

Additionally, Plaintiffs have not pled facts sufficient to establish an "enterprise" engaged in racketeering activities. Plaintiffs' allegations of an enterprise are simply conclusory. To this end, they plead upon "information and belief . . . that Defendants M. Patel, C. [Patel] [sic], and Dhillon, together with other persons constitute an enterprise within the meaning of 18 U.S.C. § 1961(4)." SAC ¶ 159. "Dhillon was in business with the Patel Defendants." SAC ¶ 40. Plaintiffs provide no details regarding the structure, organization, or function of the purported enterprise. Similarly, they do not describe the relationship between the members of the alleged enterprise.

Further, Plaintiffs have failed to plead facts necessary to establish that there were or are continuous and related acts in furtherance of the alleged scheme. Plaintiffs have not shown a similarity in the identities of the persons involved or similar results or purposes. Like other allegations, the RICO claim simply lumps all the Plaintiffs together in a manner that makes it appear that they all might have been

victimized multiple times when in fact not all Plaintiffs were involved in each transaction. Plaintiffs have simply pled that the wire transfers and travel were related to hotel purchases, but they have not demonstrated a similarity in results or purposes. As Plaintiffs' SAC makes clear in other sections, each hotel transaction was unique. Many of the Plaintiffs were only involved in entities that purchased one hotel. *See* SAC ¶¶ 55, 147. Further, the hotel transactions at issue occurred over a limited nine month period from July 2007 to April 2008. *See* SAC ¶¶ 42, 74. Given the unique nature of each transaction and limited timeframe involved, Plaintiffs have not pled facts to meet the related and continuous requirements of a RICO claim.

Finally, Plaintiffs' RICO claim should be dismissed because Plaintiffs have not established a causal connection between an alleged scheme and damages they suffered that resulted uniquely from RICO violations. There must be facts that fall within the scope of the RICO statutes that distinguish the claim from simple allegations of fraud. *See Harper v. New Japan Securities Intern., Inc.* 545 F.Supp. 1002, 1008 (D.C. Cal. 1982). A plaintiff's RICO claim must read as alleging an injury by reason of a RICO violation. *Id.* "Only if this causal connection exists will the policies and purposes of RICO be served by permitting a private right of action." *Id.* Plaintiffs, here, have not established such a unique causal connection.

For the reasons set forth above, Plaintiffs cannot meet the elements necessary to prevail on their RICO claim against the moving Defendants. Accordingly, Plaintiffs fifth cause of action should be dismissed.

F. <u>Plaintiffs Have Failed to Plead a Cause of Action for Violations of the California Business and Professions Code.</u>

Plaintiffs' final cause of action is for unfair business practices in violation of California Business & Professions Code § 17200 *et seq.* The claim itself does not set forth any factual allegations, and it is expressly tied to the previous claims and allegations. SAC ¶¶ 166-168. Plaintiffs simply link this claim to their prior

12

allegations of fraud. *Id.* Therefore, pursuant to both federal and California law, Plaintiffs allegations must be pled with particularity. FED. R. CIV. P. 9(b), 81(c)(1); *Conrad*, 45 Cal. App.4th at 156. As set for the above, Plaintiffs have not adequately pled their fraud-based claims. Accordingly, the moving Defendants request this Court dismiss this claim.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's SAC fails to state a claim upon which relief can be granted against the Patel Defendants. Accordingly, the Patel Defendants each respectfully request this Court dismiss with prejudice claims one, two, three, four, five, and six of Plaintiffs' Second Amended Complaint made against them.

Dated: October 6, 2011.          Respectfully submitted,

**BRYAN CAVE LLP**


By:  /s/ Thomas J. Adair

Attorney for **DEFENDANTS MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; NEWCREST HOTELS, LTD.; and ENNIS LODGING, LLC**.