**BRYAN CAVE LLP**
Jed White (California Bar No. 232339)
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:(310) 576-2100
Facsimile:(310) 576-2200
Email:jed.white@bryancave.com

Keith Aurzada (*Pro Hac Vice*)
Thomas Adair (*Pro Hac Vice*)
2200 Ross Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 721-8000
Facsimile: (214) 721-8100
Email: keith.aurzada@bryancave.com
Email: thomas.adair@bryancave.com

Attorneys for Defendants MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC, a Texas limited liability company; NEWCREST HOTELS, LTD., a Texas limited partnership, and ENNIS LODGING, LLC, a Texas limited liability company.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANMOHAN CHHABRA; PARSHOTAM KAMBOJ; RANJIT SINGH; DARSHAN SINGH; SHERBIR SANT; SURINDER-PAL ARORA; SURINDER-PAL ARORA; SANTOKH ARORA; and PACIFIC HOSPITALITY, LLC. a Texas limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; JAGMOHAN DHILLON; SAGESTAR MANAGEMENT GP, LLC, a Texas limited liability company; SAGESTAR HOLDINGS, LTD, a Texas limited partnership; DENISON LODGING, LLC, a Texas limited liability company; CORSICANA LODGING, LLC, a Texas limited liability company; NEWCREST HOTELS, LTD., a Texas limited partnership, and ENNIS LODGING, LLC, a Texas limited liability company.<br><br>Defendants. | Case No. 2:11-CV-3724-RGK (VBKx)<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) BY DEFENDANTS MEHUL PATEL, CHIRAG PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; NEWCREST HOTELS, LTD. and ENNIS LODGING, LLC.<br><br>Hearing Date: November 28, 2011<br>Time: 9:00 a.m.<br>Ctrm: 850<br>Judge: Hon. R. Gary Klausner<br><br>Action Filed: May 25, 2010<br>Removal Date: April 29, 2011<br>SAC Filed: September 16, 2011<br>Trial Date: May 1, 2012 |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... iii

I. INTRODUCTION .............................................................................1
II. LEGAL STANDARDS .....................................................................2
III. PLAINTIFFS HAVE NOT ESTABLISHED A CONSPIRACY .....2
IV. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AGAINST THE PATEL DEFENDANTS .......................................5
V. PLAINTIFFS' FRAUD ALLEGATIONS FAIL ..............................5
VI. PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIM FAILS ..............7
VII. PLAINTIFFS' FALSE PROMISE CLAIM AGAINST THE PATEL DEFENDANTS FAILS ...................................................................8
VIII. PLAINTIFFS HAVE NOT ADEQUATELY PLED RICO VIOLATIONS ..................................................................................9
IX. PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS ...........10
X. CONCLUSION ...............................................................................10

# TABLE OF AUTHORITIES

Page

**Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
  7 Cal.4th 503 (1994) ................................................................................. 3, 5

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,*
  47 Cal.App.4th 464 (1996) ............................................................................ 5

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) .................................................................................... 2

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................... 2

*Coffman v. Kennedy,*
  74 Cal.App.3d 28 (1977) ........................................................................... 3, 5

*Destfino v. Reiswig,*
  630 F.3d 952 (9th Cir. 2011) ..................................................................... 2, 6

*Doctors' Co. v. Superior Court,*
  49 Cal.3d 39 (1989) ....................................................................................... 3

*Gagne v. Bertran,*
  43 Cal.2d 481 (1951) ..................................................................................... 7

*Harper v. New Japan Securities Intern., Inc.,*
  545 F.Supp. 1002 (D.C. Cal. 1982) ............................................................. 10

*Hobart v. Hobart Estate Co.,*
  26 Cal.2d 412 (1945) ..................................................................................... 7

*Hoffman-La Roche, Inc. v. Superior Court,*
  130 Cal.App.4th 782 (2005) .......................................................................... 6

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ................................................................... 2, 5

*Levine v. Blue Shield of Cal.,*
  189 Cal. App. 4th 1117 (2010) ...................................................................... 8

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,*
  86 Cal. App. 4th 303 (2000) .......................................................................... 7

*Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.,*
  205 Cal.App.3d 1415 (1988) ......................................................................... 9

*Persson v. Smart Inventions, Inc.,*
  125 Cal. App. 4th 1141 (2005) ...................................................................... 8

*Webber v. Inland Empire Investments,*
    74 Cal.App.4th 884 (1999) .......................................................................................... 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 10

**Rules**

FED. R. CIV. P. 9(b) ............................................................................................................ 2

## I. INTRODUCTION

Plaintiffs' Opposition to the Patel Defendants' Motion to Dismiss (the "Opposition") reinforces the fact that their Second Amended Complaint ("SAC") fails to state a claim against the Patel Defendants for each cause of action pled. The Opposition further clarifies that Plaintiffs' claims against the Patel Defendants flow through Defendant Jagmohan Dhillon ("Dhillon") with whom Plaintiffs partnered in the subject real estate transactions. Because Plaintiffs' claims against Dhillon fail as set forth in his Motion to Dismiss and its briefing, the claims against the Patel Defendants necessarily fail too. Further, like their claims against Dhillon, Plaintiffs' claims against the Patel Defendants are missing key factual allegations. Plaintiffs' conclusory allegations against the Patel Defendants are not enough to raise a right to relief above the speculative level.

Although Plaintiffs' claims against the Patel Defendants rest on their allegations that the Patel Defendants conspired with Dhillon to defraud them, Plaintiffs have failed to plead facts sufficient to establish a conspiracy for at least two reasons. First, in order to be liable for acts by Dhillon under a conspiracy theory, the Patel Defendants must have owed Plaintiffs a duty independent of the alleged conspiracy. Plaintiffs have not adequately pled facts to establish that they were owed such a duty by the Patel Defendants. Further, the only fact Plaintiffs have pled in support of the alleged conspiracy is that the Patel Defendants paid Dhillon for his work related to closing the various transactions. Plaintiffs characterize these payments as finders fees, but the Patel Defendants do not agree with that characterization. Regardless, such payments alone cannot make the Patel Defendants liable to the Plaintiffs under the causes of action that have been pled. The Patel Defendants have a right to spend their profits as they see fit.

Because Plaintiffs have had multiple opportunities to amend their pleadings, but have still failed to adequately state a claim against them, the Patel Defendants respectfully request the Court dismiss Plaintiffs' Second Amended Complaint with

prejudice as to the Patel Defendants.

## II. LEGAL STANDARDS

In attempting to set up the framework for the Court's analysis of the Motion to Dismiss, Plaintiffs' Opposition cites inapplicable and outdated law. In *Twombly*, the Supreme Court established that "a plaintiff's obligation to provide the 'grounds" of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Without alleged factual content that allows the court to draw the reasonable inference that the defendant is liable dismissal of the complaint is appropriate. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Further, Plaintiffs' multiple fraud based claims must be pled with particularity. FED. R. CIV. P. 9(b). Those allegations must include 'the who, what, when, where, and how' of the misconduct charged.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). To this end, Plaintiffs must identify the role each Defendant played in the alleged fraud. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). Plaintiffs' pleadings fail to meet these standards.

## III. PLAINTIFFS HAVE NOT ESTABLISHED A CONSPIRACY

Plaintiffs assert that the Patel Defendants are liable under all of the causes of action plead because they claim there was a conspiracy between Dhillon and the Patel Defendants for the explicit purpose of defrauding them. Similarly, they allege the Patel Defendants also aided and abetted Dhillon in committing the alleged wrongs. Such allegations by the Plaintiffs, however, do not adequately establish a right of relief against the Patel Defendants under each cause of action.

First, in order to pursue each of their claims against the Patel Defendants under a conspiracy or aiding and abetting theory, Plaintiffs must plead facts establishing that the Patel Defendants owe the Plaintiffs a duty that is separate and independent of Dhillon. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7

2

Cal.4th 503, 512 (1994) ("A cause of action for civil conspiracy may not arise, however, if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing ....") (citing *Doctors' Co. v. Superior Court*, 49 Cal.3d 39, 44 (1989); *Coffman v. Kennedy*, 74 Cal.App.3d 28, 32 (1977)(To hold a defendant "liable in tort for actively aiding or encouraging a wrongdoer . . . it is essential that the defendant's own conduct was tortious.") (internal cite omitted).

Plaintiffs' conclusory allegations of a conspiracy and of aiding and abetting, are not sufficient. They have not pled facts that establish that the Patel Defendants violated a duty to them for each and every cause of action asserted in this matter. Plaintiffs simply allege that Dhillon had a duty to Plaintiffs and that the duty extended to the Patel Defendants because "the essence of the entire relationship between the Patel Defendants and Dhillon was their agreement to defraud Plaintiffs." Opposition, p. 5. Such conclusory allegations are insufficient. For the claims against the Patel Defendants to be viable pursuant to the alleged conspiracy or an aiding and abetting theories, Plaintiffs must establish that a duty was owed to them by the Patel Defendants independent of Dhillon. They have no pled such facts for each and every one of their claims against the Patel Defendants.

Regardless, of the fact that Plaintiffs have failed to plead facts establishing the requisite independent duty owed by the Patel Defendants, they have not even pled facts sufficient to get to the question regarding the existence of such a duty because they have not pled facts establishing a conspiracy or efforts to aid and abet. In their Opposition, Plaintiffs assert they can prove the requisite agreement to defraud them, but they fail to provide any factual allegations in support of such an agreement. *Id.* at 6. The only parts of the SAC that Plaintiffs refer to in support of such a conspiracy are paragraphs 30-34. Those paragraphs are void of any such facts except for the allegation that the Patel Defendants paid Dhillon "finders fees" for his work in closing the transactions. This allegation without more, however, is

insufficient to establish a conspiracy or efforts to aid and abet Dhillon's alleged misconduct by which the Plaintiffs can hold the Patel Defendants liable. The Patel Defendants have a right to do what they want with the profits from the sale of their properties, including paying Dhillon for his work in closing those transactions if they so choose. Plaintiffs have not pled facts sufficient to establish a duty owed by the Patel Defendants to Plaintiffs that is violated by the exercise of their right to do what they want with the profits from the sale of their properties.

Further, Plaintiffs have not pled any facts to support the claim that they reasonably relied on some representation that the Patel Defendants were keeping all of the profits and that they would have acted differently if they had known how the Patel Defendants were spending some of the profits. To this end, Plaintiffs claim that the Mt. Pleasant transaction is representative of the other three transactions at issue.[1] *See, e.g.,* Opposition, p. 8, lns. 25-26. However, the operative sale contract for that transaction contains no such representation regarding "finders fees." *See* Dkt. No. 37.1, Exhibit A to Plaintiffs' Opposition to the Motion to Transfer ("Opposition to Transfer"). As Plaintiffs have conceded, any prior agreements and representations contained in those prior agreements related to the Mt. Pleasant transaction were superceded by the Contract for Deed attached as Exhibit A to their Opposition to Transfer. Dkt. No. 37, p. 4, lns 8-12. Accordingly, the contract that Plaintiffs themselves contend is the only operative contract does not even include the fee provision upon which they base most if not all of their claims against the Patel Defendants.

Plaintiffs have not pled any facts to establish an operative and actionable representation by the Patel Defendants about the allocation of profits upon which they detrimentally relied that supports a conspiracy or aiding and abetting claim

---

[1] The Mt. Pleasant transaction is the only one that involves all of the Plaintiffs, who each purchased an interest in the company that purchased that property. *See* SAC p. 29, ¶115.

sufficient to connect the Patel Defendants to any alleged misconduct by Dhillon.[2] Accordingly, the Patel Defendants respectfully request this Court dismiss with prejudice Plaintiffs' claims against them.

## IV. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM FAILS AGAINST THE PATEL DEFENDANTS

Plaintiffs' first cause of action in the SAC, for Breach of Fiduciary Duty, clearly should be dismissed. In their Opposition, Plaintiffs claim that they may pursue this claim against the Patel Defendants because they "knew of Dhillon's breach of fiduciary duty." Opposition, p. 10, lns. 4-5. Plaintiffs, however, fail to identify any facts that might establish that the Patel Defendants knew what duties Dhillon owed the Plaintiffs or that those duties were being violated.

More importantly, Plaintiffs have simply failed to plead facts sufficient to identify the source of any fiduciary duty owed to them by any one of the Patel Defendants. Accordingly, even if Plaintiffs did plead facts sufficient to establish a conspiracy or efforts to aid and abet, this claim is not viable against the Patel Defendants because Plaintiffs have not establish a duty owed to them as set forth above. *Applied Equipment Corp.,* 7 Cal.4th at 512; *Coffman*, 74 Cal.App.3d at 32.

## V. PLAINTIFFS' FRAUD ALLEGATIONS FAIL

Plaintiffs' SAC does not sufficiently plead a fraud claim against any one of the Patel Defendants. It is largely silent or conclusory in pleading facts necessary to satisfy the elements of Plaintiffs' claims, and it clearly does not plead facts with particularity sufficient to establish the requisite "who, what, when, where, and how' of the alleged fraud. *See Kearns*, 567 F.3d at 1124. Similarly, Plaintiffs cannot

---

[2] Assuming for the sake of argument that Plaintiffs have adequately alleged the existence of a clause regarding finders fees in an operative contract that was allegedly breached, the proper claim for Plaintiffs to pursue would be for breach of contract for damages incurred related to that breach. *See, e.g., Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal.App.4th 464, 479 (1996)(A contracting party's unjustified failure . . . to perform is a breach of contract, and cannot be transmuted into tort liability . . .)

lump all Defendants together so that the allegations simply contend "everyone did everything." *Destfino*, 630 F.3d at 958.

Plaintiffs have not adequately attributed any allegedly false representation to any one of the Patel Defendants. To this end and as set forth above, Plaintiffs' conspiracy and aiding and abetting allegations are not sufficient to link the Patel Defendants to Dhillon and thereby establish a fraud claim against them. Similarly, Plaintiffs' assertion that all of the Defendants are the alter egos of one another and therefore all are liable also fails. Plaintiffs have not directly pled a claim to pierce the corporate veil or pled facts to establish such alter ego claims. Moreover and importantly, in order to attribute the alleged acts of Dhillon to the Patel Defendants, Plaintiffs must plead facts to establish that the Patel Defendants are simply alter egos of Dhillon. They have not done so. Plaintiffs have not pled any facts establishing the requisite unity of interest and ownership between Dhillon and any Patel Defendant or that there would be an inequitable result if Dhillon were treated as one in the same as the Patel Defendants. *See F. Hoffman-La Roche, Inc. v. Superior Court*, 130 Cal.App.4th 782, 796-797 (2005). To this end, Plaintiffs have not pled facts to establish that any corporate defendant's purpose was to defraud innocent parties as required to establish an inequitable result. *See, e.g., Webber v. Inland Empire Investments,* 74 Cal.App.4th 884, 900-01 (1999).

In fact, the alleged facts establish that Dhillon and the Patel Defendants are distinct and separate entities. They are not alter egos. For example, it is clear the Patel Defendants sold properties while Dhillon was a buyer. Dhillon had and has no ownership or other interest in any of the Patel Defendants, and no such shared ownership is even alleged in the SAC. Similarly, prior to the first closing of sale, the Patel Defendants did not know, communicate with, or meet the Plaintiffs with whom Dhillon worked to purchase the subject properties.

Further, Plaintiffs' Opposition does not establish that the alleged representation(s) that form the basis of Plaintiffs' fraud claim are actionable. As set

forth in the Patel Defendants' Motion to Dismiss briefing, Dhillon's briefing in support of his Motion to Dismiss, and the Court's Order dismissing Plaintiffs' Original Complaint, the alleged representations at issue are not actionable. *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 310 (2000) ("[v]alue is quintessentially a matter of opinion, not a statement of fact."). Unlike the *Gagne* case cited by Plaintiffs in their Opposition (*Gagne v. Bertran*, 43 Cal.2d 481 (1951)), the alleged representations here are about the value of properties; they are not about the existence of certain facts that affect the properties' value as in *Gagne*. Similarly, *Hobart v. Hobart Estate Co.*, 26 Cal.2d 412 (1945) is distinguishable and not applicable here. There, the defendant admitted he believed the stock was worth twice as much as the amount he represented to the plaintiff, and he was the only person from whom value related information was available. Plaintiffs here have not established such specialized facts. They have not pled any facts in support of the notion that the price they paid was not the market value for the properties, let alone that the amount paid was so far from reality that the person making the alleged representation could not reasonably believe it to be true. Plaintiffs were sophisticated investors. Any alleged reliance by Plaintiffs on alleged statements of present or future value was not justifiable.

## VI. PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIM FAILS

Plaintiffs' Opposition asserts the Patel Defendants are liable to Plaintiffs for fraudulent concealment both directly and under the doctrines of conspiracy and aiding and abetting. Opposition p. 14. This assertion by Plaintiffs, however, is not supported by factual allegations in the SAC.

As set forth above, Plaintiffs do not have an action against the Patel Defendants under either the doctrine of conspiracy or aiding and abetting. Moreover, as set forth in the Patel Defendants' Motion to Dismiss and in Support as well as Dhillon's briefing in support of his Motion to Dismiss, there is no direct claim against each and every Defendant for Fraudulent Concealment.

Plaintiffs have not pled with particularity the circumstances giving rise to this alleged claim against the Patel Defendants. Furthermore, fraudulent concealment is not actionable absent all of the elements of fraud. *Persson v. Smart Inventions, Inc.*, 125 Cal. App. 4th 1141, 1168 (2005). As such, because Plaintiffs' fraud claims fail, so do their fraudulent concealment claims. Further, Plaintiffs have not identified or explained any duty to disclose that the Patel Defendants owed them. *See Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1126-27 (2010). Similarly, Plaintiffs have not alleged facts sufficient to establish that the Patel Defendants intended to defraud, that the allegedly concealed information was material, and how they would have acted differently had they known of the allegedly concealed information. To this end, Plaintiffs have not pled facts establishing that the amount they paid for the Mt. Pleasant property was not the market value of the property, let alone an unreasonably high value.

**VII. PLAINTIFFS' FALSE PROMISE CLAIM AGAINST THE PATEL DEFENDANTS FAILS**

As set forth in the Patel Defendants' Motion to Dismiss and Memorandum in Support as well as Dhillon's briefing in support of his Motion to Dismiss, Plaintiffs' false promise claim fails.

To this end, the claim is not pled with particularity. Because they admit the assignment was not consummated, Plaintiffs have failed to establish their damages. Additionally, the Defendants are impermissibly grouped together in this claim. Moreover, it appears Plaintiffs are upset there were allegedly other encumbrances on the properties to be used as security, but they do not allege that they were told there were no other encumbrances on the properties. Similarly, Plaintiffs fail to describe the alleged liens encumbering the properties in any manner. They do not identify the liens that allegedly wiped out the security interest, the beneficiaries of such liens, or the dollar amount of those liens. Further, they do not plead any intent to defraud, their reliance on the alleged promise, or identify how they were damaged

by the alleged promise. They claim the requisite intent is demonstrated by the mere existence of other liens, but this alone is not sufficient.

Finally, Plaintiffs' complaints with regard to the alleged liens encumbering the properties fundamentally rest upon a valuation of the properties. As discussed multiple times, however, a representation about value, regardless of its accuracy, is not actionable. *Nibbi Brothers, Inc. v. Home Federal Sav. & Loan Assn.,* 205 Cal.App.3d 1415, 1423 (1988).

**VIII. PLAINTIFFS HAVE NOT ADEQUATELY PLED RICO VIOLATIONS**

For the same reasons Plaintiffs' fraud claims fail against the moving Defendants, Plaintiffs' RICO claims also fail. Plaintiffs' arguments in their Opposition, like the SAC, are conclusory, inadequate, and misleading.

Plaintiffs' Opposition does not effectively refute the arguments set forth in the Patel Defendants' Motion to Dismiss. To this end, because their fraud claims fail, their RICO claims fail. For instance, the RICO claim is not pled with particularity, and Plaintiffs have failed to identify and adequately plead the scheme to defraud, specify each Defendant's role in the alleged scheme, or identify a duty owed by each Defendant.

Similarly, Plaintiffs' allegations of relatedness and continuity are conclusory. In their Opposition, Plaintiffs assert that the SAC "clearly alleged *relatedness* by establishing conduct of Defendants that 'ha[s] the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics.'" Opposition p. 18. Other than such broad conclusory allegations, however, Plaintiffs fail to identify any facts identifying the purpose, results, participants, victims, or interrelated nature of the transactions. To this end, the Opposition, like the SAC, group all of the Plaintiffs and Defendants together in the RICO claim even though it is undisputed that many Plaintiffs and Defendants were only engaged in one transaction each. *See, e.g.,* SAC ¶¶ 115, 147. Similarly, the fact that the same escrow officer was used in the four transactions is

1 | not sufficient to establish the requisite "continuity" of the alleged misconduct.
2 | Finally, Plaintiffs reference to the unrelated *Soni v. Jagmohan Dhillon, et al.* case is
3 | misleading. The fact that it involved several different parties than the transactions
4 | here undermines Plaintiffs' arguments that it is related to the four transactions here.
5 | Furthermore, that case was dismissed on August 18, 2011.

Finally, Plaintiffs' RICO claim should be dismissed because Plaintiffs have not established a causal connection between an alleged scheme and damages they suffered that resulted uniquely from RICO violations. There must be facts that fall within the scope of the RICO statutes that distinguish the claim from simple allegations of fraud. *See Harper v. New Japan Securities Intern., Inc.*, 545 F.Supp. 1002, 1008 (D.C. Cal. 1982). Such facts do not exist here.

## IX. PLAINTIFFS' UNFAIR COMPETITION CLAIM FAILS

Plaintiffs' final cause of action for unfair business practices in violation of California Business & Professions Code § 17200 *et seq.* does not set forth any factual allegations; it is expressly tied to the previous claims and allegations. SAC ¶¶ 166-168. Accordingly, as set forth above and in the Motion to Dismiss, this claim against the Patel Defendants should be dismissed.

## X. CONCLUSION

For the reasons set forth above and in the Motion to Dismiss and Memorandum in Support, the Patel Defendants each respectfully request this Court dismiss with prejudice all of Plaintiffs' claims against them as pled in the Second Amended Complaint.

| | |
|---|---|
| Dated: November 14, 2011. | Respectfully submitted,<br><br>**BRYAN CAVE LLP**<br><br><br>By:   /s/ Thomas J. Adair_____<br><br>Attorney for **DEFENDANTS MEHUL PATEL aka MIKE PATEL; CHIRAG PATEL aka CHUCK PATEL; SAGESTAR MANAGEMENT GP, LLC; SAGESTAR HOLDINGS, LTD; DENISON LODGING, LLC; CORSICANA LODGING, LLC; NEWCREST HOTELS, LTD.; and ENNIS LODGING, LLC**. |